UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALEX PENLAND, | : | Case No. 2:26-cv-00227 |
| | : | |
| Plaintiff, | : | District Judge Michael H. Watson |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| ANNETTE CHAMBERS-SMITH, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

This case was opened on the Court's docket in February 2026. After the undersigned Magistrate Judge screened Plaintiff Penland's original Complaint (Doc. No. 6, 7), three motions for leave to amend the Complaint were filed. (*See* Doc. No. 11, 14, 15.) The Court denied the first motion as moot under Fed. R. Civ. P. 15(a). (*See* Doc. No. 12 at PageID 291.) Thus, the Second Motion and Third Motion for Leave to Amend the Complaint are currently pending before the Court. (Doc. No. 14, 15.)

Four additional filings have been submitted for Plaintiff Penland. First, a Notice of Erratum to Correct Address of Defendants was filed on June 3, 2026. (Doc. No. 18.) Two documents that are both titled Amended and Supplemented Memorandum of Law in Support of Motion for an Emergency Temporary Restraining Order and Preliminary Injunction were filed on June 15 and 18, 2026, respectively. (Doc. No. 19, 20.) Finally, Plaintiff's Fourth Amended and Supplemented Memorandum of Law in Support of

Motion for an Emergency Temporary Restraining Order and Preliminary Injunction was filed on June 22, 2026. (Doc. No. 21.)

None of these documents are actually signed by Plaintiff Alex Penland. And because of significant similarities between the filings in this case and materials submitted by another *pro se* prisoner-litigant in other cases, the undersigned cannot rule out the possibility that another individual drafted and filed these documents on Alex Penland's behalf.

A *pro se* plaintiff who has filed a case in federal court must personally sign each of his or her own filings. *See English v. Equifax Info. Servs., LLC*, No. 1:24-cv-240, 2026 LX 266792, at *7-8 (S.D. Ohio May 15, 2026) (citing Fed. R. Civ. P. 11) (while "[n]othing in the text of Rule 11 expressly prohibits a pro se litigant from receiving drafting assistance from another non-attorney," the Rule requires "that an unrepresented party personally sign filings submitted to the Court and certify that the factual and legal contentions therein are made in good faith after reasonable inquiry.") (emphasis added).

The required signature is a *handwritten* signature. *See Becker v. Montgomery*, 532 U.S. 757, 764 (2001) ("we read the requirement of a signature [in Rule 11] to indicate, as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced)."); *McFarlin v. City of Wayne*, No. 26-cv-10011, 2026 U.S. Dist. LEXIS 49649, at *3 (E.D. Mich. Mar. 6, 2026) (Rule 11 "requires that each Plaintiff personally sign their filings with a handwritten signature."); *Jacquelyn S Jordan Tr. v. City of Franklin*, No. 3:22-cv-326, 2022 U.S. Dist. LEXIS 86013, at *3 (M.D. Tenn. May 12, 2022) (Rule 11 "requires a handwritten signature, not a typed

2

name"); *Greene v. Rochester Villas Apartments, Inc.*, No. 25-13926, 2026 WL 30640, at *1 (E.D. Mich. Jan. 5, 2026) ("Although Greene's typed name appears at the end of the complaint, the document is not dated, there is no signature block or other indication that the typed name serves as an electronic signature, and the document was not submitted through an electronic account belonging to Plaintiff. This does not suffice as a signature. As Rule 11(a) is framed, the requirement of a signature generally means a handwritten signature, and other rules only permit electronic signatures with sufficient indicia of authenticity."); *Watkins v. LaSalle Bank*, No. 25-cv-13901, 2025 U.S. Dist. LEXIS 261898, at *4 (E.D. Mich. Dec. 18, 2025) (striking an unsigned complaint and noting that "Plaintiff may refile an amended complaint that contains her handwritten signature").

Although the Rules contain an exception that allows approved "Filing Users" of the Court's electronic filing system to type their signatures, Plaintiff Penland is not an approved Filing User, and his own handwritten signature must therefore appear on each paper he files.[1]

---

[1] This Court's Local Rule 83.5 provides in part:

> **(b) Filing Users.** Attorneys admitted to the permanent bar of this Court and those admitted pro hac vice shall, unless otherwise ordered, register as Filing Users of this Court's ECF system. If the Court permits, a party to a pending proceeding who is not represented by an attorney may register as a Filing User solely for the purposes of that action. …

> **(c) Electronic Signature.** The actual signature of a Filing User shall be represented, for ECF purposes, by "s/" followed by the typed name of the attorney or other Filing User. Signature in such a manner is equivalent to a hand-signed signature for all purposes, including Fed. R. Civ. P. 11 or any other rule or statute.

S.D. Ohio Civ. R. 83.5(b)-(c). *See also* Fed. R. Civ. P. 5(d)(3)(B) ("A person not represented by an attorney … may file electronically only if allowed by court order or by local rule"); Fed. R. Civ. P. 5(d)(3)(C) ("*Signing.* A filing made through a person's electronic-filing account and authorized by that person, together with that person's name on a signature block, constitutes the person's signature.").

As noted, the pending motions to amend are not signed by Plaintiff Penland with a handwritten signature. (Doc. No. 14, 15.) Nor are the proposed complaints attached to these motions, or the subsequent notice and memoranda. (Doc. No. 18, 19, 20, 21.)

For this reason, the Court **INTENDS** to **STRIKE** the second and third motions to amend (Doc. No. 14, 15) and the notice of erratum (Doc. No. 18) unless Plaintiff Penland promptly corrects the omission. *See* Fed. R. Civ. P. 11(a) ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.").

If Plaintiff Penland would like the Court to consider these documents, he must personally sign them with a handwritten signature and resubmit them to the Clerk of Court by **August 12, 2026**. If he does not, they will be stricken from the docket pursuant to Rule 11(a). Going forward, the Court will strictly enforce this requirement to ensure the integrity of the proceedings.

With respect to the "amended and supplemented" memoranda in support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, the Court will strike them for different, additional reasons. (Doc. No. 19, 20, 21.) First, the Court has already denied Plaintiff's Motion for a Temporary Restraining Order (*see* Doc. No. 12 at PageID 291-292), and therefore no briefing—amended, supplemental, or otherwise—is needed on that request.

The Court held in abeyance (or stayed) Plaintiff's request for a preliminary injunction until later in the case. (*Id.*; *see also* Report and Recommendation, Doc. No. 7 at PageID 224 [recommending that "Plaintiff's motion for a preliminary injunction (Doc.

4

2) be **HELD IN ABEYANCE** until Defendants have been served and filed responses to the Complaint and the Motion for TRO/PI."].) At this time, service has not been completed, and Defendants have not appeared and responded to the operative complaint.[2] Thus, no additional briefing is needed on the request for a preliminary injunction at this time.

Further, the Court's Local Civil Rules limit the number of memoranda that may be filed in support of a motion. Local Rule 7.2(a)(2) only permits one memorandum in opposition to a motion, and one reply in support, in that order. "No additional memoranda beyond those enumerated are permitted except upon leave of court for good cause shown." S.D. Ohio Civ. R. 7.2(a)(2). Because Defendants have not filed a memorandum in opposition to Plaintiff's motion for a preliminary injunction, a reply to such a response is not yet appropriate. Plaintiff has not sought or obtained the Court's permission to file any other memoranda. Accordingly, because these memoranda were filed contrary to Local Rule 7.2(a)(2), the Court **DIRECTS** the Clerk of Court to **STRIKE** them from the docket. (Doc. No. 19, 20, 21.)

Plaintiff is **REMINDED** that he must keep this Court informed of his current address while this case is pending and promptly file a Notice of New Address if he is released or transferred.

> **IT IS SO ORDERED.**

*/s/ Caroline H. Gentry*
CAROLINE H. GENTRY
United States Magistrate Judge

---

[2] The Court will address service issues in a separate order.

5