**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALEX PENLAND,<br><br>Plaintiff,<br><br>vs.<br><br>ANNETTE CHAMBERS-SMITH, *et al.*,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 2:26-cv-00227<br><br>District Judge Michael H. Watson<br>Magistrate Judge Caroline H. Gentry |

**ORDER GRANTING MOTION FOR LEAVE TO CORRECT DOCUMENTS**

This civil rights case is in its early stages. The Court has screened the initial complaint but has not yet screened Plaintiff's newly submitted Second Amended Complaint. (Doc. No. 33 [filed July 27, 2026].) Defendants have not yet been served with process or appeared in the case (*see* Doc. No. 16, 17); Plaintiff needs to submit corrected service forms to facilitate service of process (*see* Doc. No. 28).

On July 21, 2026, Plaintiff submitted a "Second Motion for an Emergency Temporary Restraining Order." (Doc. No. 27.) He submitted a Declaration in support of the Second Motion a few days later. (Doc. No. 29.) The Court previously denied his request for a temporary restraining order and held his motion for a preliminary injunction in abeyance. (Doc. No. 7, 12.) The Court has also considered several other motions and documents filed by Plaintiff. (*See* Doc. No. 14, 15, 18, 19, 20, 21, 23, 24, 25, 26.)

On July 30, 2026, Plaintiff filed a "Motion for Leave to Correct Defects in Both Second Motion for an Emergency Temporary Restraining Order and Declaration in

Support [of] Second Motion for an Emergency Temporary [Restraining] Order." (Doc. No. 34.[1]) He submitted a Corrected "Second Motion for an Emergency Temporary Restraining Order," which attaches a Corrected "Declaration of Alex Penland in Support [of Corrected] Second Motion for an Emergency Temporary Restraining Order." (Doc. No. 35.) Plaintiff also submitted a "Declaration of Alex Penland in Support of Authenticating Documents Submitted in This Case." (Doc. No. 36.)

In the Motion to Correct Defects (Doc. No. 34), Plaintiff identifies an error in the Certificate of Service of his initial Second Motion. (Doc. No. 27 at PageID 645.) In his Corrected Second Motion, Plaintiff certifies that he:

> filed "PLAINTIFF'S SECOND MOTION FOR AN EMERGENCY TEMPORARY RESTRAINING ORDER" using the Courts ECF system which will notify all parties. Additionally, Plaintiff certifies that he has mailed a copy of the foregoing to the Defendants at their respective address of 770 W. Broad Street, Columbus, Ohio 43222 via regular mail postage prepaid this 30th day of July 2026.

(Doc. No. 35 at PageID 744 [as in original]; *see also* Doc. No. 35 at PageID 750 [certifying that the Declaration "was filed using the Court ECF system which will notify all parties."]; Doc. No. 36 at PageID 754 [certifying the same].)

As the Court has previously noted, Plaintiff is <u>not</u> a Filing User of the Court's electronic case filing (ECF) system. (*See* Doc. No. 22 at PageID 550.) His documents are scanned and emailed to the Clerk of Court by prison staff and then filed by Clerk of Court staff. (*See, e.g.*, Doc. No 35 at PageID 724 [containing a stamp that states: "SCANNED AT CCI and E-Mailed to USDC OHSD on ____, 20__ by ______"].)

[1] The capitalization of these documents' titles has been adjusted for better readability.

Moreover, none of Plaintiff's filings thus far have been served by the Court's ECF system on any Defendant because no Defendant has yet been served and appeared in this case. While parties may under some circumstances use the Court's ECF system to accomplish service of motions and other documents (after service of process, and after a party has formally appeared), Plaintiff cannot rely on the Court's ECF system to serve his documents at this time. Plaintiff's responsibilities concerning service are set forth in the Federal Rules of Civil Procedure and this Court's Local Rules. The Court **ORDERS** Plaintiff to include an appropriate Certificate of Service in all of his filings. However, Plaintiff does not need to correct or amend his filings thus far to amend their Certificates.

The Court **GRANTS** the Motion to Correct Defects. (Doc. No. 34.) The Clerk of Court is **DIRECTED** to note on the docket that the Second Motion for an Emergency Temporary Restraining Order filed on July 30, 2026 (Doc. No. 35) is a "Corrected" Motion.

To maintain a clear record, the Clerk is further **DIRECTED** to **TERMINATE** the previous Second Motion (Doc. No. 27) and to note on that motion's docket entry to "See [35] CORRECTED MOTION and DECLARATION."

Finally, Plaintiff is **REMINDED** that he must keep this Court informed of his current address while this case is pending and promptly file a Notice of New Address if he is released or transferred.

**IT IS SO ORDERED.**

*/s/ Caroline H. Gentry*
CAROLINE H. GENTRY
United States Magistrate Judge