**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALEX PENLAND, | : | Case No. 2:26-cv-00227 |
| | : | |
| Plaintiff, | : | District Judge Douglas R. Cole |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| ANNETTE CHAMBERS-SMITH, *et al.*, | : | |
| | : | |
| Defendants. | : | |

# ORDER THAT PLAINTIFF MAY PROCEED WITH THE CLAIMS IN THE SECOND AMENDED COMPLAINT (DOC. NO. 33)

# REPORT AND RECOMMENDATION CONCERNING SECOND MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER (DOC. NO. 35)

Plaintiff Alex Penland filed this case in early 2026, seeking, among other things, to be served kosher meals daily in prison. Plaintiff is representing himself in the case[1] and is proceeding *in forma pauperis.* (Doc. No. 5.) After an initial screen of the original Complaint, the Court allowed Plaintiff to proceed with most of his claims. (*See* Complaint, Doc. No. 6; Order and Report & Recommendations, Doc. No. 7; Opinion & Order, Doc. No. 12.) The Court also denied Plaintiff's motion for a temporary restraining order ("TRO") and held his motion for a preliminary injunction in abeyance. (Doc. No. 12 at PageID 290-291 [referring to the Motion at Doc. No. 2].)

[1] This case is very similar to a case filed by another incarcerated person: *Christopher Williams v. Annette Chambers-Smith, et al.*, No. 2:26-cv-00259 (S.D. Ohio), which is pending before the same judicial officers. (*See* Related Case Memorandum Order, Doc. No. 4.)

Plaintiff Penland has since filed several additional complaints and motions in the case, some of which have been withdrawn or stricken. (*See, e.g.,* Doc. Nos. 13, 14-1, 15, 24, 33 [complaints]; Doc. Nos. 11, 23, 24, 25, 34 [motions resolved]; Doc. Nos. 19, 20, 21 [motions stricken]; Doc. Nos. 14, 15, 18 [motions withdrawn].) Service of process has meanwhile proceeded with the assistance of the U.S. Marshal. (*See, e.g.*, Doc. No. 39, 41, 44.) As of this writing, two of the six Defendants appear to have been served and have answer dates in November 2026. (*See* Doc. Nos. 46, 47.)

Currently pending before the undersigned Magistrate Judge is Plaintiff's lengthy Second Amended and Supplemented Complaint (Doc. No. 33 [hereinafter "Second Amended Complaint," or "SAC"]) and his Corrected Second Motion for an Emergency Temporary Restraining Order (Doc. No. 35). Upon review pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A, the undersigned **ORDERS** that Plaintiff may **PROCEED** at this time with the eight claims set forth in the Second Amended Complaint against the six named Defendants.[2] (Doc. No. 33.) Once served, Defendants shall file responses to the SAC in the ordinary course or as otherwise ordered by the Court.

The undersigned also **RECOMMENDS** that the Court **DENY** Plaintiff's Corrected Second Motion for an Emergency TRO (Doc. No. 35) but **PERMIT** him to file an Amended Motion for Preliminary Injunction to which Defendants can respond after they are served and appear in the case. The instant motion, although labeled as emergent,

[2] This preliminary decision is not an opinion on the merits, and it does not preclude Defendants from challenging the SAC by way of a motion to dismiss or the like.

does not present the type of emergency circumstances that would require *ex parte* action at this time. (*See* Doc. No. 35.) Plaintiff requests the following relief in the motion:

> Penland hereby seeks a Preliminary and Permanent Injunction;
>
> 1) Restraining and enjoining the Defendants, their officers, agents, employees, and all other persons in active concert or participation with them, from enforcing, threatening to enforce, attempting to enforce, or otherwise requiring compliance with;
>
>     a) ODRC Policy 72-REG-07(VI)(A), to the extent it creates an clergy as-arbiter-of-orthodoxy requirement and is unconstitutional in part on its face and is in violation of RLUIPA and the First Amendment;
>
> 2) Order the Defendants, their officers, agents, employees, and all other persons in active concert or participation with them to recognize Penland as an Orthodox Jewish practitioner and member of the Orthodox Jewish community;
>
> 3) Enjoin the Defendants from prohibiting Penland's kosher dietary restrictions.
>
> 4) Enjoin the Defendant Marcus from retaliating against Penland by prohibiting him from full observance of the Sabbath day from sundown Friday to sundown Saturday.

(Doc. No. 35 at PageID 726.) This is similar to certain relief requested in the Second Amended Complaint. (*See* Doc. No. 33 at PageID 705.)

As the Court previously observed regarding Plaintiff's earlier motion for a TRO:

> the R&R recommends denying a TRO for multiple reasons: (1) Plaintiff did not certify his attempts to notify Defendants and explain why a TRO should issue without notice; (2) Plaintiff's request would alter rather than preserve the status quo; (3) Plaintiff has not established immediate and irreparable harm; (4) Plaintiff has not established a strong likelihood of success on the merits; and (5) the Court lacks sufficient information to ensure that a TRO would comply with the requirements of the Prison Litigation Reform Act ("PLRA"). [Report & Recommendation, Doc. No. 7] at 15-17. Because evidence submitted after Defendants are served and respond could be

> useful, the R&R recommends holding in abeyance Plaintiff's motion for a preliminary injunction. *Id*. at 17.

(Opinion & Order, Doc. No. 12 at PageID 289.) Most of these concerns remain with respect to the instant motion.[3]

In addition, the undersigned disagrees with Plaintiff's assertion that, "[i]n this case, the documented facts have been memorialized by both parties and cannot be in dispute." (Doc. No. 35 at PageID 727.) As noted, Defendants have not appeared, and the facts have not been established. Plaintiff's own arguments that "Defendants have not demonstrated…" and "Defendants have not explained…" certain issues suggest that input from Defendants would be valuable to the Court in deciding the issues presented in this case. (*See id*. at PageID 737.) And in any event, basic principles of due process require that Defendants be given the opportunity to respond to Plaintiff's claims and arguments before the Court decides their merits.

For all these reasons, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's Corrected Second Motion for an Emergency TRO (Doc. No. 35) but **PERMIT**

---

[3] Plaintiff submits in his Certificate of Service that he

> mailed a copy of the foregoing to the Defendants at their respective address of 770 W. Broad Street, Columbus, Ohio 43222 via regular mail postage prepaid this 30th day of July 2026. This certificate shall serve as NOTICE and comply with R. Civ. P 65(b)(1).

(Doc. No. 35 at PageID 744.) The undersigned notes that this is not the address to which the summonses were directed in this case, so it is unclear whether Defendants actually received notice. (*See* Doc. No. 45 [using the address of 1800 Harmon Avenue, Columbus, Ohio 43206 for all six Defendants].)

Additionally, although Plaintiff better articulates his "irreparable harm" theory in the instant motion, that theory assumes there has been a violation of his constitutional rights. (*See* Doc. No. 35 at PageID 739-742.) That core issue has not yet been resolved.

him to file an Amended Motion for Preliminary Injunction by a date certain so that Defendants can respond.

Plaintiff may object to this Recommendation as described in the section below. Plaintiff is **REMINDED** that he must keep this Court informed of his current address while this case is pending and promptly file a Notice of New Address if he is released or transferred.

**IT IS SO ORDERED AND RECOMMENDED.**

*/s/ Caroline H. Gentry*
CAROLINE H. GENTRY
United States Magistrate Judge

**DEADLINE TO FILE OBJECTIONS**

In accordance with Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may file and serve specific written objections to this Report and Recommendation ("R&R") **within fourteen (14) days** after being served with a copy. A party may respond to another party's objections **within fourteen (14) days** after being served with a copy. If necessary, the objecting party must promptly arrange for transcribing the record, or whatever portions of it to which the parties agree or the Magistrate Judge considers sufficient. If proper objections are timely filed, then the District Judge will conduct a de novo review of the challenged portion(s) of the R&R. Failure to file timely objections may forfeit rights on appeal. *See U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).